IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JMJ REALTY, LLC and BIPCO, LTD.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JLE INDUSTRIES, LLC<br><br>　　　　Defendant. | Case No.   2:19-CV-1150 |

## COMPLAINT

Plaintiffs JMJ Realty, LLC and BIPCO, Ltd., by their attorneys, Metz Lewis Brodman Must O'Keefe LLC, file the within Complaint as follows:

### Parties

1.　　Plaintiff JMJ Realty, LLC ("JMJ") is a West Virginia limited liability company with its principal place of business located 1025 Main Street, Wheeling, WV 26003.

2.　　Plaintiff BIPCO, Ltd. ("BIPCO") is West Virginia corporation with its principal place of business located at 1025 Main Street, Wheeling, WV 26003.

3.　　Defendant JLE Industries, LLC ("JLE") is a Delaware limited liability company with a principal place of business located at 119 ICMI Road, Suite 210, Dunbar, PA 15431.

### Jurisdiction and Venue

4.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.00. All members of JMJ are citizens of West Virginia. Therefore, JMJ is a citizen of West Virginia. BIPCO is incorporated in West Virginia and its principal place of business is in West Virginia. Accordingly, BIPCO is a citizen of West

Virginia. Upon information and belief, the members of JLE are citizens of Pennsylvania or Delaware, and none of them are citizens of West Virginia. As such, there is complete diversity of citizenship between the parties.

5. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1). JLE is a "resident" of the Western District of Pennsylvania as that term is defined in 28 U.S.C. § 1391(c)(2) because JLE is subject to this Court's personal jurisdiction.

## Factual Background

6. JMJ and BIPCO (together, the "Landlord") and JLE are parties to that certain Lease Agreement dated June 3, 2015 (as amended, the "Lease") under which Landlord leased to JMJ, and JMJ leased from Landlord, the Premises for the Initial Term and the First and Second Renewal Terms if exercised by Tenant.[1] A true and correct copy of the Lease is attached hereto marked as **Exhibit A** and is incorporated herein by reference.

7. The Premises consists of a 78,122 square foot industrial building and several multi-acre tracts totaling approximately 8.5 acres adjacent thereto, together with various overhead traveling cranes, all located in the Benwood Industrial Park.

8. The Lease was amended pursuant to the terms and conditions of an Addendum to Deed of Lease dated June 3, 2015 and an Addendum to Deed of Lease dated July 1, 2017 to add a 650 square foot building known as the Locomotive Office and a concrete pad measuring 44,829 square feet, true and correct copies of which are attached hereto marked as **Exhibit B** and **Exhibit C**, respectively, and are incorporated herein by reference.

9. In pertinent part, Section 1.03 of the Lease provides that Base Rent shall be paid to Landlord on or before the first day of each calendar month during the Lease term without

---

[1] Capitalized terms used herein shall have the same meaning as set forth in the Lease unless otherwise defined.

notice, demand, offset, abatement, or deduction. In addition, Section 1.04 of the Lease states that Additional Rent, which includes, *inter alia*, real estate taxes, is payable on demand unless otherwise provided for in the Lease.

10. Section 3.03 of the Lease further states that JLE must annually reimburse Landlord for payment of all real estate taxes within thirty (30) days of the date Landlord furnishes JLE with a copy of the tax receipt for a given tax year.

11. JLE abandoned the Premises sometime in or around February of 2019.

12. Moreover, JLE failed to pay Base Rent and Additional Rent when due for the months of March 2019 to September 2019 for a total of $293,368.72.

13. As a result of its failure to make payment of Base Rent and Additional Rent when due, and because JLE has abandoned the Premises prior to the expiration of the Initial Term or any renewal, JLE is in default under the terms of the Lease. See Lease at § 7.01.

14. On August 23, 2019, notice of default was provided to JLE by Landlord (the "Notice"). A true and correct copy of the Notice is attached hereto marked as **Exhibit D** and is incorporated herein by reference. In accordance with Section 7.01 of the Lease, the Notice provided JLE with ten (10) days to cure its default.

15. JLE has failed to cure its outstanding default subsequent to its receipt of the Notice and within the time allowed under the Lease.

16. In accordance with Section 7.02(B)(1) of the Lease and/or as otherwise provided for under applicable law, in addition to all past due amounts from March 2019 to September 2019, JLE is also responsible for payment to Landlord of all Base Rent and Additional Rent (including real estate taxes) due and owing from September 2019 to and including the expiration

date of the Initial Term in September of 2020, plus real estate taxes. The total amount of Base Rent and Additional Rent due from October 2019 to September 2020 is $463,060.90.

17. Thus, the total amount due and owing by JLE to Landlord is $756,429.63.

18. In addition to its monetary obligations, upon its abandonment of the Premises, JLE left behind certain personal property, including a tank rented from United Rentals, a large milling/lathe machine, a large four-wheel front loader and several 55-gallon drums.

19. JLE is required to remove the above-described items from the Premises. To date, JLE has failed to retrieve its personal property.

20. As of the date of this Complaint, each of the defaults identified above remains outstanding, and therefore, Landlord has been forced to file the instant action.

## Count I
## Breach of Contract

21. Landlord incorporates by reference the allegations of Paragraphs 1-20 of this Complaint as if more fully set forth herein.

22. Landlord and JLE are parties to the Lease, pursuant to which JLE is required to, among other things: (a) pay all Base Rent and Additional Rent, including real estate taxes and clean-up costs, when due; (b) occupy the Premises during the Initial Term and any renewal thereof; and (c) remove all personal property from the Premises upon vacating the same.

23. The Lease is supported by adequate consideration and defined by unambiguous terms that were mutually agreed upon by the parties.

24. Landlord has performed all of its obligations under the Lease.

25. As more fully set forth above, JLE is in default under the terms and conditions of the Lease as a result of its: (a) failure to make payment of all Base Rent and Additional Rent,

including real estate taxes and clean-up costs, when due; (b) abandonment of the Premises; and (c) refusal to remove its personal property from the Premises despite demand.

26.     JLE's breach of the Lease has directly and proximately caused damage to Landlord in a total amount to be determined at trial. In addition, this Court should direct JLE to remove its personal property from the Premises.

WHEREFORE, Plaintiffs JMJ Realty, LLC and BIPCO, Ltd. respectfully request that this Court enter judgment in its favor and against JLE Industries, LLC in an amount in excess of $75,000.00 to be determined at trial, together with attorneys' fees, pre- and post-judgment interest, costs of suit, and such other relief as this Court deems necessary and appropriate.

Respectfully Submitted,

Date: September 10, 2019

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: */s/ Justin M. Tuskan*
    John R. O'Keefe, Jr.
    Justin M. Tuskan
    535 Smithfield Street, 8th Floor
    Pittsburgh, PA 15222
    Phone: (412) 918-1100
    Fax: (412) 918-1199
    jokeefe@metzlewis.com
    jtuskan@metzlewis.com
    *Attorneys for Plaintiffs*
    *JMJ Realty, LLC and  BIPCO, Ltd.*