IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JMJ REALTY, LLC, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | Civil Action No. 19-1150 |
| ) | | |
| v. ) | | Judge Cathy Bissoon |
| ) | | |
| JLE INDUSTRIES, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

## **ORDER**

Plaintiffs' (Landlord's) Motion (Doc. 14) to Dismiss Defendant's (Tenant's) Amended Counterclaims (*see* Doc. 13) will be denied.

As to the statute of limitations, "if the pleading does not reveal when the limitations period began to run," Rule 12 dismissal is inappropriate. Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) (citation to quoted source omitted).  While Landlord acknowledges the same, it fails to show where, how or why the Counterclaim-allegations meet the standard. Furthermore, Landlord's suppositions regarding when the Tenant knew, or should have known, of contamination on the Premises − based on Tenant's Lease-representation that it had conducted an environmental inspection – reads inferences in favor of the movant, which is in the opposite direction provided-for by law.  *Cf.* Am. Countercls. at ¶¶ 48-49 (summarizing other Lease provisions, wherein *Landlord* expressly disclaimed knowledge of hazardous waste on the Premises).  Landlord's statue of limitations arguments are denied, without prejudice to renewal on summary judgment as appropriate.

Similarly, the Court rejects Landlord's suggestion that the Court can, under the circumstances, resolve the issue of justifiable reliance − to the Tenant's detriment and as a matter of law − at the 12(b) stage. That argument, too, is rejected without prejudice.

Landlord's gist-of-the-action arguments are rejected because, at this stage, Tenant properly may plead tort and contract theories in the alternative. *See* Arabi v. Vigilance Anaesthesia Group L.L.C., 2018 WL 4181455, *2 (W.D. Pa. Aug. 31, 2018).

Landlord's argument regarding the (un)availability and/or measure of money damages also are reserved for summary judgment. *See* Campenella Const. Co., Inc., v. Great Amer. Ins. Co., 2010 WL 2076089, *4 (E.D. Pa. May 21, 2010) ("[t]he [c]ourt need not specify on a motion to dismiss that any particular measure of damages is either improper or . . . proper," and "[t]his issue can be revisited in a motion for summary judgment or at trial").

Finally, Landlord's arguments regarding purported breaches of the Lease (and, implicitly, the materiality thereof) are, at best, properly addressed on summary judgment. *See* Brown v. Grass, 544 Fed. Appx. 81, 85 (3d Cir. Oct. 31, 2013) (unless there are no genuine issues of material fact, "[w]hether a breach is material, of course, is a question of fact for the jury").

Consistent with the foregoing, Plaintiffs' Motion (**Doc. 14**) to Dismiss Defendant's Amended Counterclaims is **DENIED**. Plaintiffs shall answer by **September 16, 2020**.

IT IS SO ORDERED.

September 2, 2020                                s\Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record